UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DEANGELO BEAN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>TD BANK USA, N.A.,<br><br>        Defendant. | Case No.: 14-cv-1252<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

Plaintiff DeAngelo Bean, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of TD Bank USA, N.A. ("TD Bank") in contacting Plaintiff Bean and Class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). TD Bank has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2. Plaintiff brings this action for injunctive relief and statutory damages resulting from TD Bank's illegal actions.

## JURISDICTION AND VENUE

3. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) (holding that federal courts have federal question jurisdiction over TCPA claims).

4. This Court has personal jurisdiction over TD Bank because, as the conduct at issue occurred in or was directed toward individuals in the state of Wisconsin, TD Bank has established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of Wisconsin. TD Bank does substantial business in Wisconsin.

5. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because a substantial part of the events giving rise to the claims, namely automated telephone calls to persons in this District and debt collection activities, occurred in this District.

## PARTIES

6. Plaintiff DeAngelo Bean ("Bean") is an individual citizen of the State of Wisconsin, who resides in Milwaukee, Wisconsin.

7. Defendant TD Bank National Bank ("TD Bank") is a foreign corporation with its primary place of business located in Sioux Falls, South Dakota.

8. TD Bank is the successor by acquisition to Target National Bank ("TNB").

9. At all times relevant to this complaint, TD Bank or TNB issued Target store-branded credit cards to consumers, including Plaintiff.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

2

Case 2:14-cv-01252-RTR   Filed 10/07/14   Page 2 of 11   Document 1

10. In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

14. The Declaratory Ruling further specifies that the "creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."

**FACTUAL ALLEGATIONS**

*TCPA*

3

15. At all times relevant, Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant sought to collect a debt that arose from a transaction incurred allegedly for personal, family or household purposes.

17. At all times relevant to this action, Plaintiff's fiancé, Aileen Luciano ("Luciano"), had a Target-branded credit card issued by Defendant.

18. At the time Luciano applied for the credit card from TNB, Luciano did not provide Plaintiff's cellular telephone number to Defendant.

19. Plaintiff was not obligated to Defendant on Luciano's Target credit card account. Plaintiff and Luciano are not married, and Plaintiff was not a co-obligor or cosigner on Luciano's Target credit card account. Plaintiff has no contractual relationship whatsoever with Defendant relating to Luciano's Target credit card account.

20. Plaintiff never provided his cellular telephone number to TD Bank or TNB.

21. Upon information and belief, TD Bank obtained Plaintiff's cellular telephone number through skip-tracing.

22. Plaintiff never provided TD Bank or TNB with express consent to receive prerecorded or automated calls on Plaintiff's cellular telephone.

23. Plaintiff did not provide his cellular telephone number to TD Bank "during the transaction that resulted in the debt owed."

24. Beginning in or around April 2014, TD Bank and/or TNB began calling Plaintiff's cellular telephone in connection with alleged missed payments on Luciano's Target credit card account. These calls were made to Plaintiff's cellular telephone number, and consisted of repeated, harassing autodialed and/or prerecorded calls.

25. TD Bank and/or TNB called Plaintiff's cellular phone approximately once per day, seven days a week, between April 2014 and late August 2014. The exact number of calls can be determined from Plaintiff's cellular phone bills and from Defendant's records.

26. Defendant's calls were made from numbers with Minnesota and California area codes, as well as 1-800 prefixes.

27. Each time Defendant called Plaintiff's cellular telephone and Plaintiff answered the call, there was silence on the line until Plaintiff spoke or made a sound into the phone. The initial silence indicates that a computer-controlled, automated telephone dialing system was initiating the calls and routing them to a live operator or automated message only after the system identified a voice or other sound on the line.

28. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39) ("The term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation.")

29. All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

30. The telephone number that Defendant used to contact Plaintiff, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

31. Plaintiff did not provide "prior express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

5

Case 2:14-cv-01252-RTR   Filed 10/07/14   Page 5 of 11   Document 1

32. Defendant's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

33. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

34. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute.

## COUNT I

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36. The foregoing acts and omissions of TD Bank constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of TD Bank's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

38. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by TD Bank in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

# COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

40. The foregoing acts and omissions of TD Bank constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

41. As a result of TD Bank's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting TD Bank's violation of the TCPA in the future.

43. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

45. Plaintiff proposes to certify a class, which is defined, subject to amendment as appropriate, as:

> All persons within the United States who, on or after October 7, 2008, received a non-emergency telephone call from or on behalf of Target National Bank, or from or on behalf of TD Bank after TD Bank's acquisition of Target National Bank, or to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and who either did not provide their cellular telephone number to the alleged creditor or who revoked prior express consent to contact the person's cellular phone.

7

Plaintiff represents, and is a member of, the Class. Excluded from the Class are any person who entered into an agreement with TD Bank which contains an arbitration clause with a class action waiver; TD Bank and any entities in which TD Bank has a controlling interest; TD Bank's agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and claims for personal injury, wrongful death and/or emotional distress.

46. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the hundreds.

47. Plaintiff and all members of the Class have been harmed by the acts of TD Bank.

48. This Class Action Complaint seeks injunctive relief and money damages.

49. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by TD Bank and/or its agents.

50. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether TD Bank, Target National Bank and/or their respective agents made non-emergency calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether TD Bank, Target National Bank and/or their respective agents utilized "skip tracing" methods to locate the cellular telephone numbers of non-customers;

8

c. Whether TD Bank can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

d. Whether TD Bank's conduct was knowing and/or willful;

e. Whether TD Bank is liable for damages, and the amount of such damages; and

f. Whether TD Bank should be enjoined from engaging in such conduct in the future;

51. Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

33. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel TD Bank to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against TD Bank is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

35. TD Bank has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations

9

complained of herein are substantially likely to continue in the future if an injunction is not entered.

## JURY DEMAND

45. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against TD Bank:

A. Injunctive relief prohibiting such violations of the TCPA by TD Bank in the future;

B. As a result of TD Bank's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of TD Bank's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

G. Such other relief as the Court deems just and proper.

Dated: October 7, 2014

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
     Shpetim Ademi (SBN 1026973)
     John D. Blythin (SBN 1046105)
     Mark A. Eldridge (SBN 1089944)
     3620 East Layton Avenue
     Cudahy, WI 53110
     (414) 482-8000
     (414) 482-8001 (fax)
     sademi@ademilaw.com
     jblythin@ademilaw.com
     meldridge@ademilaw.com